15-cv-6749

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET



The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Georgia A. Hope

**DEFENDANTS**
Fair Acres Geriatric Center

**(b)** County of Residence of First Listed Plaintiff   Delaware County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rhonda Hill Wilson, Esquire
Law Office of Rhonda Hill Wilson, P.C.
1500 JFK Boulevard, Suite 820, Phila. PA 19102 (215) 972-0400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government<br>Defendant | ☒ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☒ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. 1332(a)
Brief description of cause:
Nursing Home Negligence

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE                                    DOCKET NUMBER

DATE   12/18/15
SIGNATURE OF ATTORNEY OF RECORD   *Rhonda Hill Wilson*

DEC 22 2015

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _931 Burnside Road, Sharon Hill, PA 19079_

Address of Defendant: _340 North Middletown Road, Lima, PA 19037_

Place of Accident, Incident or Transaction: _340 North Middletown Road, Lima, PA 19037_
*(Use Reverse Side For Additional Space)*

**15    6749**

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   NoX☐

Does this case involve multidistrict litigation possibilities?   Yes☐   NoX☐
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   NoX☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   NoX☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   NoX☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   NoX☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐X Other Personal Injury (Please specify)
   **Nursing Home Negligence
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Rhonda Hill Wilson, Esquire_, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _12/18/15_    _[signature] Rhonda Hill Wilson_    34813
                    Attorney-at-Law                     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE: _12/18/15_    _[signature] Rhonda Hill Wilson_    34813    DEC 22 2015
                    Attorney-at-Law                     Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Georgia A. Hope | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Fair Acres Geriatric Center | : | NO. **15**   **6749** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 12/18/15 | Rhonda Hill Wilson, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 972-0400 | (21) 972-6756 | rhwilson@philly-attorney.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

DEC 22 2015



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGIA A. HOPE | : | |
| 931 Burnside Road | : | |
| Sharon Hill, PA 19079 | : | |
| | : | NO. |
| vs. | : | |
| | : | |
| FAIR ACRES GERIATRIC CENTER | : | **15   6749** |
| 340 North Middletown Road | : | |
| Lima, PA 19037 | : | |

## COMPLAINT IN CIVIL ACTION

1.      Federal jurisdiction of this case is based upon 42 U.S.C. 1332 (a), diversity of

jurisdiction between citizens of different states based on the amount in controversy exceeds

seventy-five thousand dollars ($75,000.00).

2.      Plaintiff is Georgia A. Hope, an adult individual, who currently resides at 931

Burnside Road, Sharon Hill, PA 19079.

3.      Plaintiff Georgia A. Hope was admitted to the Fair Acres Geriatric Center, a

nursing home located at 340 North Middletown Road (Delaware County) Lima, Pennsylvania

19037 on or about January 2014 and was a resident there at all times relevant hereto.

4.      Plaintiff Georgia A. Hope was born on April 8, 1924 and was ninety years old at

the time of her admission to the Defendants' nursing home.

5.      The Defendant Fair Acres Geriatric Center is engaged in the business of health

care provider and was engaged in the business of  providing nursing home care and services to

the general public and maintained its business at 340 North Middletown Road (Delaware

County) Lima, Pennsylvania 19037 and is owned and operated by the County of Delaware in the

Commonwealth of Pennsylvania.

6. The Defendant Fair Acres Geriatric Center held itself out as a specialist in the field of adult nursing care with the expertise necessary to maintain the health and safety of persons unable to care adequately for themselves.

7. The Defendant was under a contractual duty to provide reasonable and adequate health care to Plaintiff Georgia A. Hope consistent with existing community standards.

8. At all times pertinent hereto, Plaintiff Georgia A. Hope was a resident of the above-named Defendant's nursing home pursuant to the terms of the Admission Agreement and, as such, was under the exclusive care and control of the Defendant and its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to November 2014.

9. The Defendant and its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to November 2014 failed, refused and/or neglected to perform the duties to provide reasonable and adequate health care to and for Plaintiff Georgia A. Hope, who was unable to attend to her own health and safety, specifically (a) failing to update her plan of care when Mrs. Hope's condition was declining; (d) failing to recognize Mrs. Hope's decline in her functional abilities; (c) failing to assist Mrs. Hope when she began experiencing pain, swelling, redness and infection in November 2014; (d) failing to recognize that Mrs. Hope had gangrene; (e) failing to recognize that Mrs. Hope had anemia; (f) failing to recognize that Mrs. Hope had a lower extremity sacral wound.

10.     The Defendant and its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to November 2014 negligently and carelessly provided care and treatment to Plaintiff Georgia A. Hope, specifically (a) failing to timely notify the attending physician and Mrs. Hope's family regarding Mrs. Hope's activities of daily living decline between January 2014 and November 2014;  (b) failing to accurately assess Mrs. Hope regarding her decline in functional abilities; (c) failing to update Mrs. Hope's plan of care when Mrs. Hope's condition was declining; (d) failing to recognize Mrs. Hope's decline in her functional abilities; (e) failing to assist Mrs. Hope when she began experiencing pain, swelling, redness and infection in November 2014; (f) failing to recognize that Mrs. Hope had gangrene; (g) failing to recognize that Mrs. Hope had anemia; (h) failing to recognize that Mrs. Hope had a lower extremity sacral wound and all of the alleged acts, omissions and occurrences herein described or performed by the Defendant, its agents, officers, servants and/or employees which fell within the course and scope of their agency and employment with the Defendant and in furtherance of the Defendant's business.

11.     While Plaintiff Georgia A. Hope was a resident at the Defendants' facility, she sustained serious injuries including infection, gangrene, dehydration and a lower extremity sacral wound and above right knee amputation.

12.     The negligence of the Defendant and its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and

certified nurse assistants employed from January 2014 to November 2014 included, but was not limited to the following, to wit:

(a) Failure to notify the physician and Plaintiff's family in a timely manner of action which affected Plaintiff's safety and well-being, specifically not notifying Plaintiff's family when she began experiencing pain, swelling, redness and infection in November 2014;

(b) Failure to hire a sufficient number of trained and competent staff;

(c) Violating Pennsylvania Regulations, specifically §211.10(d) when Defendants' agents, officers, servants and/or employees failed to prevent Mrs. Hope's injuries in November 2014; §211.11(a) (when Defendants' agents, officers, servants and/or employees failed to update Mrs. Hope's plan of care when Mrs. Hope's condition was declining), and §211.12(a) (Defendants' agents, officers, servants and/or employees did not provide a sufficient number of staff necessary to meet Plaintiff's needs and prevent injury to Plaintiff), as well as OBRA regulations, including but not limited to:

F-157 483.10 (b)(11)(i)(B) Notification of Changes, specifically failing to timely notify the attending physician regarding Mrs. Hope's activities of daily living decline between January 2014 and November 2014.

F-278 483.20 (g) Accuracy of Assessment, specifically failing to note a functional decline in Mrs. Hope's conditions after her admission to the Defendants' facility in January 2014.

F-279 483.20 (k) Care Plans, specifically failing to update the plan of care for Mrs. Hope's injuries of November 2014.

F-310 483.25(a) Activities of Daily Living, specifically when Mrs. Hope's functional abilities declined after her injuries of November 2014, and her care plan did not reflect this decline;

F-324 483.25(h)(2) Accidents, specifically the Defendants' failure to take preventative measures including, but not limited to, adequate supervision and implementation of safety procedures for Mrs. Hope's injuries of November 2014.

(d) Failure to create an adequate risk assessment for infection, gangrene and sacral wounds;

(e) Failure to adhere to the plan of care;

(f) Failure to take preventative measures including, but not limited to, adequate supervision and implementation of safety procedures and nursing interventions to prevent infection, gangrene and sacral wounds.

(g) Failure to properly train employees to deal with nursing home residents who are unable to care for themselves;

(h) Failure to modify the plan of care when the plan of care was inadequate to the needs of the patient, specifically failing to update the plan of care prior to Mrs. Hope's injuries of November 2014;

(i) Failure to provide nursing assistance and supervision.

13. As a direct and proximate result of the negligence of Defendant and its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to November 2014, Plaintiff Georgia A. Hope was caused to sustain serious personal injuries, endure great physical pain and mental anguish, become liable for extensive expenses for medical and hospital care and treatment of her injuries, Plaintiff is asserting a professional liability claim against Defendat, Fair Acres Geriatric Center.

WHEREFORE, Plaintiffs Georgia A. Hope demands judgement against the Defendants Fair Acres Geriatric Center, in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering and other damages sustained together with attorneys fees, interest and costs of suit.

**SECOND COUNT**
**GEORGIA A. HOPE v. FAIR ACRES GERIATRIC CENTER**

**NEGLIGENCE PER SE**

14.     Plaintiff Georgia A. Hope incorporates by reference paragraphs 1 through 13 of Plaintiff's Complaint as if the same were set forth at length herein.

15.     This is a civil liability case in which it has become necessary for the Plaintiff to bring a lawsuit by reason of the profound neglect suffered by Plaintiff Georgia A. Hope during her residency at Fair Acres Geriatric Center, 340 North Middletown Road (Delaware County), Lima, PA 19037, which resulted in great physical and mental injuries. The serious bodily injuries sustained by the Plaintiff which make the basis of this lawsuit were proximately caused by the negligence and negligence per se of the Defendant and its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered acting in the course and scope of their employment.

16.     At all times material to this lawsuit, statutory and regulatory duties imposed by the Commonwealth of Pennsylvania were in full force and effect that were designed to protect a class of persons, to wit: the nursing home residents of this Commonwealth, of which Georgia A. Hope was a member. As a member of such class, Georgia A. Hope was entitled to protection of these laws, namely the Pennsylvania Code and the rules and regulations promulgated thereunder

as set forth in the Pennsylvania Administrative Code and the Code of Federal Regulations, specifically Pennsylvania regulations:

§ 211.10(d) when Defendants' agents, officers, servants and/or employees failed to prevent Mrs. Hope's injuries from infection in November 2014;

§211.11(a) (when Defendants' agents, officers, servants and/or employees failed to update Mrs. Hope's plan of care when Mrs. Hope's condition was declining); and

§211.12(a) (Defendants' agents, officers, servants and/or employees did not provide a sufficient number of staff necessary to meet Plaintiff's needs and prevent injury to Plaintiff, as well as OBRA regulations, including:

F-157 483.10 (b)(11)(i)(B) Notification of Changes, specifically failing to timely notify the attending physician regarding Mrs. Hope's activities of daily living decline between Janaury 2014 and November 2014;

F-278 483.20 (g) Accuracy of Assessment, specifically failing to note a functional decline in Mrs. Hope's conditions after her admission to Defendants' facility in January 2014;

F-279 483.20 (k) Care Plans, specifically failing to update the plan of care after Mrs. Hope's injuries in November 2014 and failing to note a functional decline in Mrs. Hope's condition after her admission to Defendants' facility in January 2014;

F-310 483.25(a) Activities of Daily Living, specifically when Mrs. Hope's functional abilities declined after her admission January 2014 and her injuries of November 2014 and her care plan did not reflect this decline;

F-324 483.25(h)(2) Accidents, specifically the Defendants' failure to take preventative measures including, but not limited to, adequate supervision and implementation of safety procedures to prevent infection, gangrene and sacral wounds.

17.     This Defendant violated these fundamental laws and regulations on a routine basis engaging in a pattern and practice of conduct prohibited by law.

18.     Defendant by and through its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered  engaged in a pattern and practice of ongoing neglect. More specifically, this Defendant, by and through itsr employees and agents, specifically the medical director, nursing administrator and assistant administrator, and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to November 2014 continually and repeatedly engaged in negligent conduct, which included:

(a) Failure to notify the physician and Plaintiff's family in a timely manner of action which affected Plaintiff's safety and well-being, specifically not notifying Plaintiff's family when she began experiencing pain, swelling, redness and infection in November 2014;

(b) Failure to hire a sufficient number of trained and competent staff;

(c) Violating Pennsylvania Regulations, specifically §211.10(d) when Defendants' agents, officers, servants and/or employees failed to prevent Mrs. Hope's injuries in November 2014; §211.11(a) (when Defendants' agents, officers, servants and/or employees failed to update Mrs. Hope's plan of care when Mrs. Hope's condition was declining), and §211.12(a) (Defendants' agents, officers, servants and/or employees did not provide a sufficient number of staff necessary to meet Plaintiff's needs and prevent injury to Plaintiff), as well as OBRA regulations, including but not limited to:

F-157 483.10 (b)(11)(i)(B) Notification of Changes, specifically failing to timely notify the attending physician regarding Mrs. Hope's activities of daily living decline between January

2014 and November 2014.

F-278 483.20 (g) Accuracy of Assessment, specifically failing to note a functional decline in Mrs. Hope's conditions after her admission to the Defendants' facility in January 2014.

F-279 483.20 (k) Care Plans, specifically failing to update the plan of care for Mrs. Hope's injuries of November 2014.

F-310 483.25(a) Activities of Daily Living, specifically when Mrs. Hope's functional abilities declined after her injuries of November 2014, and her care plan did not reflect this decline;

F-324 483.25(h)(2) Accidents, specifically the Defendants' failure to take preventative measures including, but not limited to, adequate supervision and implementation of safety procedures for Mrs. Hope's injuries of November 2014.

(d) Failure to create an adequate risk assessment for infection, gangrene and sacral wounds;

(e) Failure to adhere to the plan of care;

(f) Failure to take preventative measures including, but not limited to, adequate supervision and implementation of safety procedures and nursing interventions to prevent infection, gangrene and sacral wounds.

(g) Failure to properly train employees to deal with nursing home residents who are unable to care for themselves;

(h) Failure to modify the plan of care when the plan of care was inadequate to the needs of the patient, specifically failing to update the plan of care prior to Mrs. Hope's injuries of November 2014;

(i) Failure to provide nursing assistance and supervision.

(j) the callous disregard for the known dangers caused by Defendants' widespread and continued practice of under-staffing, thereby exposing Georgia A. Hope and other residents to life threatening conditions.

19.     Each and all of the aforementioned acts, both omission and commission constitute negligence and negligence per se and were a direct and proximate cause of the incident made the basis of this suit and Georgia A. Hope's resulting injuries, and damages.

20.     Plaintiff avers that these regulations and statues set forth standards of care for the nursing home industry, and failure to adhere to these standards represent a deviation in the standard of care.

WHEREFORE, the Plaintiff Georgia A. Hope, demands judgement against the Defendant Fair Acres Geriatric Center in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering, wrongful death and other damages sustained together with attorneys fees, interest and costs of suit.

### THIRD COUNT

### GEORGIA A. HOPE v. FAIR ACRES GERIATRIC CENTER

### NEGLIGENCE

21.     Plaintiff Georgia A. Hope, incorporate by reference paragraphs 1 through 20 of Plaintiff's Complaint as if the same were set forth at length herein.

22.     At all relevant times hereto, the Defendant Fair Acres Geriatric Center by and through its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to

November 2014, knew or should have known that its residents were in need of particular care and supervision.

23.     At all relevant times hereto, the Defendant Fair Acres Geriatric Center by and through its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to November 2014, failed to exercise adequate care in the supervision of its residents, such as the Plaintiff, to whom it owed such a duty, by failing to supervise, keep safe, and prevent injuries.

24.     As a direct and proximate result of the aforesaid carelessness, recklessness and negligence of the Defendant Fair Acres Geriatric Center the Plaintiff Georgia A. Hope sustained severe personal injuries of both a permanent and temporary nature to include infection, gangrene, dehydration and a lower extremity sacral wound and above right knee amputation, was forced to endure great pain and suffering, was forced to incur medical expenses in the care and treatment of said injuries.

WHEREFORE, the Plaintiff Georgia A. Hope, demands judgement against the Defendant Fair Acres Geriatric Center in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering, and other damages sustained together with attorneys fees, interest and costs of suit.

## FOURTH COUNT

## GEORGIA A. HOPE v. FAIR ACRES GERIATRIC CENTER

## CORPORATE NEGLIGENCE

25.     Plaintiff Georgia A. Hope incorporate by reference paragraphs 1 through 24 of Plaintiff's Complaintt as if the same were set forth at length herein.

26.     This is a civil liability case in which it has become necessary for the Plaintiff to bring a lawsuit by reason of the profound neglect suffered by Plaintiff during her residency at Fair Acres Geriatric Center, 340 North Middletown Road (Delaware County) Lima, PA 19037 from January 2014 to November 2014, resulting in great physical and mental injuries. The serious bodily injuries sustained by the Plaintiff made the basis of this lawsuit and were proximately caused by the negligence and negligence per se of the named Defendant, by and through its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, assistant administrators and nursing staff, including but not limited to licensed practical  or their agents, officers, servants and/or employees, specifically the medical director, nursing administrator, and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to November 2014, acting in the course and scope of their employment.

27.     At all times material to this lawsuit, statutory and regulatory duties imposed by the Commonwealth of Pennsylvania and the United States of America were in full force and effect that were designed to protect a class of persons, to wit: the nursing home residents of this Commonwealth and this country, of which Plaintiff, Georgia A. Hope was a member. As a member of such class, Plaintiff, Georgia A. Hope was entitled to protection of these laws, namely the Pennsylvania Code and the Code of Federal Regulations, and the rules and regulations promulgated thereunder, specifically but not limited to 28 Pa. Code § 211.5(f), §211.10(d), §211.11(a), and §211.12(a), as well as OBRA regulations, specifically, 42 CFR §483.10(b); §483.13 (c)(2); §483.15, §483.20(b)(1)(xii), §483.20(b)(2)(ii), §483.20(k), §483.20(h)(2), §483.25(c)(1), §483.30, §483.40(c)(1), §483.65, and §483.75(f).

28.     The Defendant Fair Acres Geriatric Center violated these fundamental laws and

regulations on a routine basis, engaging in a pattern and practice of conduct prohibited by law.

29.     The Defendant Fair Acres Geriatric Center by and through its agents, officers, servants and/or employees, specifically the medical director, nursing administrator, and nursing staff, including but not limited to licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to November 2014, engaged in a pattern and practice of ongoing neglect. More specifically, Defendants continually and repeatedly engaged in negligent conduct, which included:

(a) the continuing failure to provide sufficient numbers of staff to meet said resident's fundamental care needs, including adequate supervision to prevent injury and accident, including her need for assistance with turning, positioning and transferring;

(b) the ongoing failure to properly supervise, monitor, observe, and assess Georgia A. Hope;

(c) repeated failure to hire and train appropriate personnel to monitor, supervise, and/or treat Georgia A. Hope;

(d) the systemic and ongoing retention of and assignment of unfit, unqualified and incompetent direct care staff;

(e) the ongoing failure to have sufficient staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident;

(f) the continuing failure to provide 24-hour nursing services from enough qualified nursing personnel to meet the total nursing needs of Georgia A. Hope;

(g) the ongoing failure to assure that nursing personnel, including nurse aides and orderlies, was sufficient to provide 24-hour nursing service, and was increased whenever

necessary, to assure that each resident including Georgia A. Hope was protected from injury and

to enhance the quality of life, dignity, and respect of each resident, including Georgia A. Hope;

(h) the continuing failure to monitor Georgia A. Hope for signs and

symptoms of pain, and to intervene and respond in a timely manner to the continuing presence of

the same;

(i) the ongoing failure to obtain and provide timely and appropriate medical

treatment and nursing intervention to Georgia A. Hope;

(j) the repeated failure to notify the physician of significant conditions and

changes in condition;

(k) the continuing failure to follow physician's orders;

(l) failure to report neglect as required by law;

(m) the repeated failure to establish and implement appropriate corporate budgeting

policies which were consistent with the needs of residents including Georgia A. Hope that Defendant

had accepted and promised to care for in accordance with the minimum standards prescribed by the

state and federal codes and regulations promulgated under such statutes;

(n) the continuing failure to establish and implement appropriate corporate safety,

training, staffing, and fundamental nursing care policies to prevent harm to residents and avoid the

known consequences of inadequate care; and

(o) the callous disregard for the known dangers caused by Defendant's widespread

and continued practice of understaffing, thereby exposing Georgia A. Hope and other residents to

life threatening conditions.

30.     Defendant knew or should have known that these acts or omissions posed a serious

threat to the safety and welfare of residents such as Georgia A. Hope. Defendant's conduct was not

occasional or fortuitous, but rather was the natural and predictable result of the decisions made at the higher levels of Defendants's structure to maximize revenues and profits while at the same time reducing costs. Defendant's policies and financial decisions caused: a) repeated dangerous staffing levels at the facility, b) patient population needs that continuously and grossly exceeded the capacity of the limited number of care givers on duty; and, c) ongoing neglect of Georgia A. Hope.

31.     Each and all of the aforementioned acts, both omission and commission, as well as those yet to be discovered, constitute negligence and negligence per se and were a direct and proximate cause of the incident that makes the basis of this suit and Plaintiff, Georgia A. Hope's resulting injuries and damages, including infection, gangrene, dehydration and a lower extremity sacral wound and above right knee amputation, as well as pain and suffering related thereto, physical pain and mental anguish, and extensive expenses for medical and hospital care and treatment.

WHEREFORE, the Plaintiff Georgia A. Hope, demands judgement against the Defendant Fair Acres Geriatric Center in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering, and other damages sustained together with attorneys fees, interest and costs of suit.

## FIFTH COUNT

## GEORGIA A. HOPE v. FAIR ACRES GERIATRIC CENTER

## CIVIL RIGHTS ACTION

32.     Plaintiff Georgia A. Hope incorporates by reference paragraphs 1 through 31 of Plaintiff's Complaint as if the same were set fort at length herein.

33.     Plaintiff is a citizen of the United States and is a resident of the Commonwealth of Pennsylvania. She brings this suit pursuant to United States Code, Title 42, §§1983 et seq. (42 U.S.C.A. §§1983 et seq. ), to redress the deprivation by Defendant under color of state law,

rights, privileges and immunities secured by the statutes and the Constitution of the United States of America to the Plaintiff Georgia A. Hope.

34.     Specifically, Plaintiff alleges that Defendant in this action, acting under color of state law, and acting recklessly in gross and negligent manner, and with deliberate indifference to Plaintiff's rights, privileges, and immunities, failed to protect Plaintiff Georgia A. Hope from harm, failed to provide Plaintiff with necessary nursing services, and failed to take reasonable steps to maintain Plaintiff's health by reasonable nursing standards including, but not limited to, follow a doctor's orders for monitoring infections.

35.     The Defendant failed to follow their own statutory requirement and regulations designed to protect Plaintiff, failed to provide Plaintiff with level of care and protection required by law under the Federal Nursing Home Reform Amendments 42 U.S.C. §1396 et seq and OBRA regulations 42 C.F.R. 483.1 et seq.

36.     As a direct result of the actions and inaction of the Defendant as set forth above, Plaintiff sustained serious injuries including infection, gangrene, dehydration and a lower extremity sacral wound and above right knee amputation.

37.     Defendant failed to provide care to Plaintiff decedent as:

a)      A nursing home must care for its residents in such a manner and in such an environment as will promote maintenance or enhancement of the quality of live of each resident, 42 U.S.C. § 1396r (b)(1)(A);

b)      A nursing facility must provide services and activities to attain or maintain highest practicable physical, mental and psychosocial well-being of each resident in accordance with a written plan of care which (a) describe the medical, nursing and psychosocial needs of the resident and how such needs will be met. 42 U.S.C. §

1396r(b)(2)(A);

c)    A nursing facility must conduct a comprehensive, accurate, standardized reproducible assessment of each resident's functional capacity, which assessment (i) describes the resident's capability to perform daily live functions and significant impairments in functional capacity; (iv) including identification of medical problems; 42 U.S.C. § 1396r(b)(3)(A);

d)    To the extent needed to fulfill all plans of care described in paragraph (2), a nursing facility must provide (or arrange the provision of ) dietary services that assure the meals meet the daily nutritional and special dietary needs of each resident.  Services described in clause (iv) must be provided by qualified persons in accordance with each resident's written plan of care; 42 U.S.C. § 1396r(b)(4)(A)(iv);

e)    A nursing facility must provide services and activities to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident in accordance with a written plan of care which ( c ) is periodically reviewed and revised after each assessment under paragraph (3)-such assessment must be conducted (i) promptly upon (but no later than 14 days after the date of )admission for each individual admitted on or afer October 1, 1990; (ii) the nursing facility must examine each resident no less frequently than once every three months and, as appropriate, revise the resident assessment to assure the continuing accuracy of the assessment; (D) the results of such an assessment shall be used in developing, reviewing and revising the resident's plan of care under paragraph (2); 42 U.S.C. § 1396r(b)(2)( c), (b)(3)(C)(i)(1) & (ii), (b)(3)(D), (b)(4)(B);

f)      To the extent needed to fulfill all plans of care described in paragraph (2), a
nursing facility must provide (or arrange the provision of) (ii) medically related
services to attain or maintain the highest practicable physical, mental and
psychosocial well being of each resident; (v) an ongoing program, directed by
qualified professional, of activities designed to meet the interests and the physical,
mental and psychosocial well-being of each resident; 42 U.S.C. §
1396r(b)(4)(A)(ii) & (v);

g)      A nursing facility must maintain clinical records on all residents, which records
include the plan of care (described in paragraph (2) and the resident's assessments
(described in paragraph (3)), as well as the results of any pre-admission screening
conducted under subsection (e)(7) of this section; 42 U.S.C. § 1396r(b)(6)( c).

38.     The Defendant violated OBRA regulations, which establish the minimum
standard of care to be followed by defendant, including but not limited to the
following:

(a)     42 C.F.R. §483.10(b)(11)(i)(A), a facility must immediately inform the resident;
consult with the resident's physician when a significant change in the resident's
physical, mental or psychosocial status occurs. The Defendant failed to inform the
Plaintiff's physician of her significant change in development of infection,
gangrene, dehydration and a lower extremity sacral wound and above right knee
amputation.

(b)     42 C.F.R. §483.13(c)(2), the facility must ensure that all alleged violations
involving mistreatment, neglect or abuse including injuries of unknown source,
are reported immediately to the administrator of the facility and to other officials

in accordance with State law through established procedures (including to the State survey and certification agency). The Defendant failed to notify the administrator and state officials that Plaintiff developed infection, gangrene, dehydration and a lower extremity sacral wound and above right knee amputation.

(c)     42 C.F.R. §483.15, the facility must care for its residents in a manner and in an environment that promotes maintenance or enhancement of each resident's quality of life, and here the facility failed to do so.

(d)     42 C.F.R. §483.20 (b)(1)(xii), the facility must make a comprehensive assessment of a resident's needs, using the resident assessment instrument (RAI) specified by the State.  Here, the facility failed to do so.

(e)     42 C.F.R. §483.20 (b)(2)(ii) The facility must conduct a comprehensive assessment of a resident within 14 calendar days after the facility determines, or should have determined, that there has been a significant change in the resident's physical or mental condition. Here the facility failed to conduct an assessment after a significant change in resident's condition, which included her risk for developing internal bleeding.

(f)     42 C.F.R. §483.20 (k) The facility must develop a comprehensive care plan for each resident that includes measurable objectives and timetables to meet a resident's medical, nursing, and mental and psychosocial needs that are identified in the comprehensive assessment, and here the facility failed to timely do so.

(g)     42 C.F.R. §483.25 Each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive

assessment and plan of care; and here the facility failed to timely do so.

(h)     42 C.F.R. §483.30 The facility must have sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care, and here the facility failed to do so.

(i)     42 C.F.R. §483.30(a)(1)(I) and (ii) The facility must provide services by sufficient numbers of each of the following types of personnel on a 24-hour basis to provide nursing care to all residents in accordance with resident care plans (I) Except when waived under paragraph (c) of this section, licensed nurses; and (ii) Other nursing personnel; and here the facility failed to do so.

(j)     42 C.F.R. §483.25(j) The Facility must provide each resident with sufficient fluid intake to maintain proper hydration and health.

(k)     42 C.F.R. §483.75(f), the facility must ensure that nurse aides are able to demonstrate competency in skills and techniques necessary to care for resident's needs, as identified through resident assessments and described in the plan of care. The Defendants, failed to ensure its nurses' aides were able to demonstrate competency and techniques necessary to care for the late Georgia A. Hope's needs, which ultimately contributed to Mrs. Hope's suffering from multiple agonizing clinically avoidable acute hypotension, anemia, and dehydration that resulted in Mrs. Hope suffering unnecessary pain, physical and mental deterioration.

38.     The Plaintiff Georgia A. Hope fell within the class of persons the statutory rules, regulations and laws were intended to protect by virtue of OBRA Regulations, thus entitling the

Plaintiff to adopt such laws as the standard of care for measuring Defendant's conduct. Thus, the plaintiff asserts a claim for negligence per se, asserting that, as a matter of law, the conduct of the Defendant amounted to negligence and negligence per se.

39.     Plaintiff Georgia A. Hope was subjected to physical and emotional neglect.

WHEREFORE, the Plaintiff Georgia A. Hope, demands judgement against the Defendant Fair Acres Geriatric Center in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering, and other damages sustained together with attorneys fees, interest and costs of suit.

### SIXTH COUNT

### GEORGIA A. HOPE v. FAIR ACRES GERIATRIC CENTER

### MEDICARE SECONDARY PAYER CLAIM

40.     Plaintiff Georgia A. Hope incorporates by reference paragraphs 1 through 39 of Plaintiff's Complaint as if the same were set forth at length herein.

41.     As a result of the injuries caused by the Defendants and sustained by Plaintiff decedent in this matter, Plaintiff decedent was caused to incur medical expenses that were paid by Medicare pursuant to the Medicare Secondary Payer law, 42 U.S.C.  1395y(b).

43.     Under the Medicare Secondary Payer Act, there is a private cause of action for double damages to allow for double the amount that Medicare is entitled to receive from a primary payer.

44.     Defendants and/or its insurer are primary plans under the Act.

45.     To date, Defendants have not paid Plaintiff's Medicare bills.

46.     Plaintiff seeks to recover medical expenses and double damages for monies spent by the United States Government on behalf of the Plaintiff-decedent.

WHEREFORE, the Plaintiff Georgia A. Hope, demands judgement against the Defendant Fair Acres Geriatric Center in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering, and other damages sustained together with attorneys fees, interest and costs of suit.

## SEVENTH COUNT

## GEORGIA A. HOPE v. FAIR ACRES GERIATRIC CENTER

## CONSUMER PROTECTION LAW

47.     Plaintiff Georgia A. Hope incorporates by reference paragraphs 1 through 46 of Plaintiff's Complaint as if the same were set forth at length herein.

48.     The damages and losses sustained by the Plaintiff was caused by Defendants' violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1 *et seq.*

49.     At all times relevant hereto, Defendants utilized deceptive representations and designations as are heretofore stated in the Complaint to encourage prospective patients to utilize the services of the Defendant Simpson House and Roxborough Hospital , for which Defendants may be liable for up to three times actual damages sustained, in addition to attorneys' fees and such other relief as the Court deems necessary or proper.

50.     As a result of the violation of the UTPCPL by Defendants, Defendants are liable to Plaintiff for compensatory and punitive damages, together with interest and costs.

WHEREFORE, the Plaintiff Georgia A. Hope, demands judgement against the Defendant Fair Acres Geriatric Center in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering, and other damages sustained together with attorneys fees, interest and costs of suit.

By: _____

Rhonda Hill Wilson, Esquire
Attorney I.D. #34813
Attorney for Plaintiff, Georgia A. Hope

Date: 12/18/15