# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGIA A. HOPE
931 Burnside Road
Sharon Hill, PA 19079
                    Plaintiff

            vs.

DELAWARE COUNTY acting through the
DELAWARE COUNTY COUNCIL
201 W Front Street
Media, PA 19063
            and
FAIR ACRES GERIATRIC CENTER
340 North Middletown Road
Lima, PA 19037
            and
WILLIAM D'AMICO, Administrator for
Fair Acres Geriatric Center, in his
individual and official capacities
340 N. Middletown Road
Lima, PA 19037
            and
DR. JAMES BONNER, Medical Director
for Fair Acres Geriatric Center, in his
individual and official capacities
340 North Middletown Road
Lima, PA 19037
            and
DR. FRANKLIN VOGEL JR., DPM,
Treating Physician at Fair Acres Geriatric
Center, in his individual and official capacities
340 North Middletown Road
Lima, PA 19037
            and

NO. 2:15 -cv-06749- ER

TRACY WILLIAMS, Head Nurse       :
in her individual and official capacities       :
at Fair Acres Geriatric Center       :
340 North Middletown Road       :
Lima, PA19037       :
      and       :
WALTER LEWIS, M.D.       :
at Fair Acres Geriatric Center, in       :
his individual and official capacities       :
340 North Middletown Road       :
Lima, PA19037       :
      and       :
DIRECTOR OF NURSING       :
at Fair Acres Geriatric Center, in his/her       :
individual and official capacities       :
340 North Middletown Road       :
Lima, PA 19037       :
      and       :
JOHN AND JANE DOES, Employees       :
at Fair Acres Geriatric Center, in their       :
individual and official capacities       :
340 North Middletown Road       :
Lima, PA 19037       :


## PLAINTIFF'S FIRST AMENDED COMPLAINT

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff Georgia A. Hope, by and through her counsel, Rhonda Hill

Wilson, Esquire of the Law Office of Rhonda Hill Wilson, P.C., and complaining against the

above captioned Defendants, alleges and states as follows:

## PARTIES

1.      Plaintiff is Georgia A. Hope, an adult individual, a citizen of the United States,

and a resident of the Commonwealth of Pennsylvania, who resided at 931 Burnside Road, Sharon

Hill, PA 19079.

2.      Defendant Delaware County Council is the governing body for Delaware County

and for Fair Acres Geriatric Center; it maintains its business at 201 W Front St, Media,

Pennsylvania, 19063.

3.      Defendant Fair Acres Geriatric Center is engaged in business as a health-care

provider and skilled nursing facility in the Commonwealth of Pennsylvania and was engaged in

the business of providing nursing home care and medical services to the general public; it

maintains its business at 340 North Middletown Road (Delaware County) Lima, Pennsylvania

19037, and is owned and operated by the County of Delaware in the Commonwealth of

Pennsylvania.

4.      William D'Amico, Nursing Home Administrator was the administrator for Fair

Acres Geriatric Center at all times relevant hereto and was responsible under the laws of the

Commonwealth of Pennsylvania and Medicare laws of the United States for administering the

nursing home at all times relevant hereto; he can be served at Fair Acres Geriatric Center

Delaware County's Skilled Nursing Facility 340 North Middletown Road (Delaware County)

3

Lima, Pennsylvania 19037.

5.     Dr. Franklin Vogel, Jr., DPM was the podiatrist who treated Georgia A. Hope while she was a resident at Fair Acres Geriatric Center at all times relevant hereto; he can be served at 340 N. Middletown Road, Lima, PA 19037.

6.     Tracy Williams, Head Nurse was one of the nurses responsible for the care of Georgia A. Hope while she was a resident at  Fair Acres Geriatric Center at all times relevant hereto; she can be served at 340 North Middletown Road (Delaware County) Lima, Pennsylvania 19037.

7.     James Bonner, M.D. was the Medical Director for Fair Acres Geriatric Center at all times relevant hereto; he can be served at 340 North Middletown Road (Delaware County) Lima, Pennsylvania 19037.

8.     The Director of Nursing was responsible for the care of Georgia A. Hope while she was a resident at Fair Acres Geriatric Center at all times relevant hereto; he/she can be served at 340 North Middletown Road (Delaware County) Lima, Pennsylvania 19037.

9.     Dr. Walter Lewis was an attending doctor at all times relevant hereto; he can be served at 340 North Middletown Road (Delaware County) Lima, Pennsylvania 19037.

10.     Defendants John and Jane Does were other agents and employees of Fair Acres Geriatric Center, whose names are not yet known.

## JURISDICTION AND VENUE

11.     Federal jurisdiction of this case is based upon federal question, pursuant to 28 U.S.C.§ 1331, since the claims arise out of the Federal Nursing Home Reform Amendments ("FNHRA") to the Medicare Act and its implementing regulations under OBRA.        12.

4

The Court has supplemental jurisdiction over any related state claims pursuant to 28 U.S.C. § 1367(a).

13.     Venue in this Court is proper under 28 U.S.C. § 1391 since this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTUAL ALLEGATIONS

14.     Plaintiff Georgia A. Hope was admitted to the Fair Acres Geriatric Center, a nursing home located at 340 North Middletown Road (Delaware County) Lima, Pennsylvania 19037, on or about January 17, 2014 and was a resident there at all times relevant hereto.

15.     Plaintiff Georgia A. Hope was born on April 8, 1924 and was ninety years old at the time of her admission to the Defendants' nursing home.

16.     The Defendant Fair Acres Geriatric Center held itself out as a specialist in the field of adult nursing care with the expertise necessary to maintain the health and safety of persons unable to care adequately for themselves.

17.     Under the Social Security Act and its regulations, which require that a facility must have a governing body, or designated persons functioning as a governing body, that is legally responsible for establishing and implementing policies regarding the management and operation of the facility, the policymaker for Fair Acres Nursing Home is the Delaware County Council, which is the governing body under 42 C.F.R. § 483.75(d).

18.     Under the governing law, the governing body appoints an administrator who is responsible for management of the facility. 42 C.F.R. § 483.75(d).

19.     Defendants had a duty to provide reasonable and adequate health care to Plaintiff Georgia A. Hope consistent with existing community standards, pursuant to its representations,

its contract with Plaintiff, and applicable statues and regulations, both state and federal.

20.    At all times pertinent hereto, Plaintiff Georgia A. Hope was a resident of the above-named Defendants' nursing home pursuant to the terms of the Admission Agreement and, as such, was under the exclusive care and control of the Defendants and their agents, officers, servants and/or employees, specifically the medical director, nursing administrator, doctors of podiatry, assistant administrators and nursing staff, including but not limited to physicians, doctors of podiatry, licensed practical nurses, registered nurses, and certified nurse assistants employed from January 2014 to November 2014.

21.    One or more of Defendants refused and/or failed to perform the duties to provide reasonable and adequate health care to and for Plaintiff Georgia A. Hope, who was unable to attend to her own health and safety, as required by 42 U.S.C.§ 1396r(b)(1)(A) and (2)(A) including, but not limited to, the following:

(a)    one or more of the responsible Defendants failed or refused to do the required examinations, assessments for developing a plan of care and to update her plan of care when Mrs. Hope's condition was declining, in violation of 42 U.S.C.§1396r(b)(2)(c), (b)(3)(A), (b)(3)(C)(i)(1) and (II), (3)(C)(ii), (b)(3)(D),(b)(4)(B), 42C.F.R§483.20(b)(1) (xii), and  Pennsylvania Regulations §211.11 (a);

(b)    one or more of the responsible Defendants failed to meet professional standards of quality for services provided to or arranged for Mrs. Hope, in violation to of 42 U.S.C.§1396r(b)(4)(A)(ii) & (v) and 42 C.F.R.§ 483.15, including the following acts or failures to act: (i) failing or refusing to address the decline in Mrs. Hope's function abilities; (ii) failing or refusing to assist Mrs. Hope when she began experiencing pain,

6

swelling, redness and infection in November 2014; (iii) failing or refusing to address and treat Mrs. Hope's anemia; and (v) failing or refusing to address and treat Mrs. Hope's lower extremity and sacral wounds; and (vi) failing or refusing to address Mrs. Hope's hypokalemia

( c )   one or more of the responsible Defendants failed or refused to provide Mrs. Hope with sufficient fluid intake to maintain proper hydration and health, in violation of 42 C.F.R.§ 483.25(j);

(d)   one or more of the responsible Defendants failed or refused to timely notify the attending physician and Mrs. Hope's family regarding Mrs. Hope's serious medical conditions, including the development of infection, gangrene, dehydration, and a lower extremity and sacral wound, and regarding her declining functional abilities, between January 2014 and November 2014, in violation of 42 C.F.R.§483.25 (wound care); c) 42 C.F.R.§483.25(k)(7) (foot care);42 C.F.R.§483.10(b)(11)(i)(A) and the following  OBRA regulations, specifically including but not limited to F-157, 42 CFR 483.10 9b)(11)(I) (B) (failure to timely notify the attending physicians regarding Mrs. Hope's activities of daily living decline); F-278 483.20(g) ( failure to note a functional decline in Mrs. Hope's conditions after her admission to the Defendants' facility); F-279 42 CFR 483.20 (k) ( failure to update the plan of care from Mrs. Hope's injuries of November 2014); and F-310 83.25(a) (failure to reflect change in Mrs. Hope's care plan when her functional abilities declined after her injuries of November 2014).

22.     Defendants carelessly and with deliberate indifference failed to provide adequate care  and treatment to Plaintiff Georgia A. Hope, and all of the alleged acts, omissions and

occurrences herein described or performed by defendant Fair Acres Geriatric Center, its agents,

officers, servant and/or employees fell within the course and scope of their agency and

employment, including their failure to enforce state and federal nursing home regulations for

patient safety and well being.

23.     As specific examples of harm to Mrs. Hope, Defendants refused and/or neglected

to perform the duties to provide reasonable and adequate health care to and for Plaintiff Georgia

A. Hope; failed to update her plan of care when Mrs. Hope's condition was declining; failed to

recognize Mrs. Hope's decline in her functional abilities; failed to assist Mrs. Hope when she

began experiencing pain, swelling redness and infection in November 2014; failed to recognize

that Mrs. Hope had gangrene; failed to recognize that Mrs. Hope had anemia; failed to recognize

that Mrs. Hope had a lower extremity and sacral wound. This policy and/or custom of

deprivation by Defendants caused harm to Georgia A. Hope.

24.     While she was a resident at Fair Acres Geriatric Center, and as a result of the

Defendant's actions and failures to act, Plaintiff Georgia A. Hope sustained serious injuries

including infections, gangrene, dehydration, a lower extremity sacral wound, and an above the

right knee amputation. These injuries were the result of under staffing failure to adhere to the

laws of Medicare and Pennsylvania Nurse Practices Act for staffing and qualifications of staff

and Defendants' failure to train and supervise the nursing staff and failure to provide nursing and

other care demanded by the Plaintiff's family and representatives in light of their duties. These

failures constituted reckless indifference and actually caused harm to Georgia A. Hope.

25.     From 2010 through 2014, Fair Acres provided far less registered nursing staff than

other facilities in Pennsylvania on a per patient day basis. In those years, the facility was under

the 20th percentile in terms of the amount of registered nursing care it provided to the residents of the Fair Acres Nursing Home.

26.     In 2014, Fair Acres Nursing Home was cited with 30 deficiencies in its patient care. This put the facility in the 97th percentile for number of deficiencies.

27.     Data was submitted by Defendants to Medicare on their Medicare Costs Reports filed by Defendants with the Center for Medicare and Medicaid, 200 Independence Avenue, SW, #314g, Washington, DC 20201 that shows that:

| | | Hours Per Patient Day: | | | |
|---|---|---|---|---|---|
| **2010 Data** | **Aides** | **LPNs** | **RNS** | **Total Licensed** | **Total Nursing** |
| PA | 2.28 | 0.85 | 0.87 | 1.73 | 4.01 |
| Facility | 2.33 | 0.75 | 0.51 | 1.27 | 3.60 |
| Variance | 0.05 | (0.10) | (0.36) | (0.46) | (0.41) |
| Percent Rank | 59% | 49% | 18% | 15% | 38% |

| | | Hours Per Patient Day: | | | |
|---|---|---|---|---|---|
| **2014 Data** | **Aides** | **LPNs** | **RNS** | **Total Licensed** | **Total Nursing** |
| PA | 2.26 | 0.84 | 0.94 | 1.78 | 4.04 |
| Facility | 2.51 | 0.90 | 0.58 | 1.48 | 4.00 |
| Variance | 0.25 | 0.06 | (0.35) | (0.30) | (0.05) |
| Percent Rank | 76% | 61% | 19% | 32% | 58% |

28.     There was also data which resulted in Statements of Deficiencies to Fair Acres issued by the Commonwealth of Pennsylvania and the U.S. Department of Health and Human Services and filed with the Pennsylvania Department of Health which shows an inadequacy in patient care. Fair Acres Nursing Home has been cited over the years because of the nursing home staff failures, including but not limited to, failure to provide adequate nursing services to its residents, failure of the nursing home staff to follow resident care policies and failure to maintain infection control on the premises from April 30, 2012 through 2014 which failures resulted in harm to its residents including Georgia A. Hope.

9

29.     The medical records of residents of Fair Acres Nursing Home reveal that federal and state law required that only registered nurses and physicians complete assessments and diagnoses of medical conditions of residents of nursing homes in Pennsylvania; however, the Delaware County Council; William D'Amico, Administrator; Dr. James Bonner, Medical Director; Franklin Vogel, Jr., DPM, Dr. Walter Lewis and Tracy Williams, Head Nurse knew that licensed practical nurses were acting outside of their scope of practice and acquiesced or caused this policy to occur causing harm to Plaintiff Georgia A. Hope and all other similarly situated residents of Fair Acres.

30.  As a direct and proximate result of the actions and failures to act of one or more of Defendants during the period from January 2014 to November 2014, Plaintiff Georgia A. Hope sustained serious personal injuries and endured great physical pain and mental anguish including the loss of a limb, as well as liability for extensive expenses for medical and hospital care and treatment of her injuries.

WHEREFORE, Plaintiff Georgia A. Hope demands judgement against the Defendants, and each of them, in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering and other damages sustained together with attorneys fees, interest and costs of suit.

## COUNT I

**Violation of Plaintiff's Federally Protected Rights Guaranteed**
**Under FNHRA and OBRA Brought Against All Individual Defendants**
**Pursuant to 42 U.S.C. § 1983**

31.     Plaintiff Georgia A. Hope incorporates by reference paragraphs 1 through 30 of Plaintiff's Complaint as if the same were set fort at length herein.

32.     Plaintiff Georgia A. Hope was a recipient of Medicare and Medicaid and was, at all relevant times, a resident of Fair Acres Geriatric Center and, therefore, within the class of persons that the governing statutory rules, regulations, and laws, which establish the standards for measuring Defendants' conduct, were intended to protect.

33.     Fair Acres Geriatric Center is a local government entity, for purposes of 42 U.S.C.§1983, and the individual Defendants were at all relevant times acting on behalf of Fair Acres Geriatric Center in the scope and course of their employment and, therefore, under color of state law.

34.     Defendants failed to follow the statutory requirements and regulations designed to protect Plaintiff with the even the basic level of service, care and protection required by law under the Federal Nursing Home Reform Amendments, 42 U.S.C.§§1396 et seq., and OBRA regulations, 42 C.F.R. §§483.1 et seq. and Commonwealth of Pennsylvania Nursing Home Regulations, 28 Pa. Code 201.1 et seq.

35.     Defendants, by and through its agents, officers, servants and/or employees, including but not limited to William D'Amico, Nursing Home Administrator; Dr. James Bonner, Medical Director; Dr. Walter Lewis; Dr. Franklin Vogel, Jr., DPM; Tracy Williams, Head Nurse and the Director of Nursing, also including but not limited to physicians, licensed practical nurses, registered nurses, doctors of podiatry, certified nurse assistants and servants, including but not limited to dieticians, physical therapists, occupational therapists, rehabilitation therapists, nutritionists, recreation therapists, and social workers and others that may be revealed by additional discovery, employed from 2014 through 2015, engaged in a pattern and practice of ongoing neglect. More specifically, Defendants whose authority was not reviewed and/or

11

reviewable continually and repeatedly engaged in negligent conduct and reckless indifference to the rights of others, which included:

a.   the continuing failure to provide sufficient numbers of staff to meet said Georgia A. Hope's fundamental care needs, including adequate supervision to prevent pressure sores;

b.   the ongoing failure to properly supervise, monitor, observe, and assess Georgia A. Hope's medical condition;

c.   repeated failure to hire and train appropriate and licensed medical and nursing personnel to properly monitor, supervise, and/or treat Georgia A. Hope's medical condition;

d.   the systemic and ongoing retention of and assignment of unfit, unqualified and incompetent direct care staff, specifically the use of licensed practical nurses to do assessments, diagnoses and other acts outside of their scope of practice and in violation of the Pennsylvania Nurse Practices Act and Medicare Act;

e.   the ongoing failure to have sufficient staff to provide nursing and related services to attain or maintain the highest practicable physical, mental and psycho social well-being to Georgia A. Hope;

f.   the continuing failure to provide 24-hour nursing services from enough qualified nursing personnel to meet the total nursing needs of Georgia A. Hope;

g.   the ongoing failure to assure that nursing personnel staffing, including registered nurses, certified nurses aides and licensed practical nurses, was sufficient or provide 24-hour nursing service, and was increased whenever necessary, to assure that Georgia A. Hope

12

was protected from harm, injury, abuse and neglect and to enhance the quality of life, dignity and respect of each nursing home resident, including Georgia A. Hope;

        h.     the repeated failure to prevent Georgia A. Hope from suffering pain and death as a result of preventable Stage IV pressure sores;

        i.     the failure to prevent Georgia A. Hope from suffering pain as a result of dehydration;

        j.     the continuing failure to monitor Georgia A. Hope for signs and symptoms of pain, and to intervene and respond in a timely manner to the continuing presence of the same;

        k.     the repeated failure to notify the physician of significant conditions and changes in condition;

        l.     failure to prevent the development of avoidable Stage IV pressure sores including the monitoring, documentation of, prevention and treatment of wounds;

        m.     the continuing failure to follow physician's orders;

        n.     neglect of Plaintiff Georgia A. Hope by their failure by omission to provide adequate medical care and treatment, nutrition, hydration, medications, nursing care and treatment for her medical condition;

        o.     the repeated failure to establish and implement appropriate corporate budgeting policies which were consistent with the needs of residents including Georgia A. Hope that Defendants had accepted and promised to care for in accordance with the minimum standards prescribed by the state and federal codes and regulations promulgated under such statutes;

        p.     the continuing failure to establish, implement and/or enforce appropriate

13

corporate safety, training, staffing and fundamental nursing care and other policies to prevent

harm to residents and avoid the know consequences of inadequate care;

        q.    the callous disregard for the known dangers caused by Defendants'

widespread and continued practice of under staffing thereby exposing Georgia A. Hope and other

residents to life-threatening conditions; and

        r.    failure of the nursing home to administer the Fair Acres Home in

compliance with federal, state and local laws and professional standards.

    36.    At all times relevant hereto, the individual defendants of  Defendant Fair Acres

failed to adhere, formulate and develop and/or enforce nursing home policies and procedures

pursuant to professional standards and federal, state and local laws to protect the Plaintiff

Georgia A. Hope from harm caused by dehydration, malnutrition, abuse, neglect, development of

avoidable Stage IV pressure sores on her lower extremities and on her sacrum.

    37.    Defendants were responsible for the total health care of Plaintiff Georgia A. Hope

while she was a resident at Fair Acres Home from 2014 to 2015.

    38.    Defendants' failure to adequately care for Plaintiff Georgia A. Hope according to

professional standards, federal, state and local laws included their failure to oversee all persons

who practiced medicine within the nursing home facility walls including but not limited to

William D'Amico, Nursing Home Administrator; Dr. James Bonner, Medical Director; Dr.

Franklin Vogel, Jr., DPM; Tracy Williams, Head Nurse; Dr. Walter Lewis and the Director of

Nursing, and also including but not limited to physicians, doctors of podiatry, licensed practical

nurses, registered nurses and certified nurse assistants employed from 2014 to 2015, also

including but not limited to James Bonner, M.D., Medical Director; Franklin Vogel, Jr., M.D.;

Tracy Williams, Head Nurse; Walter Lewis, M.D.; and John and Jane Does, employees at Fair

Acres Geriatric Center acting with int scope and course of their employment.

39.     Defendants William D'Amico, as Administrator, and Dr. James Bonner, M.D., as a

Medical Director, set in motion a series of events that they knew or reasonably should have

known, would cause others to deprive Plaintiff of her federally protected rights by failing or

refusing to establish adequate policies to implement federal and state statutory and regulatory

requirements, or, if such policies were in place, by allowing a pattern and practice of their

violation by employees.

40.     The number of violations involving Plaintiff, as well as other similar violations at

Fair Acres Geriatric Center, indicates that failure to comply with the state statutory and

regulatory requirements was a pattern and practice in which individual Defendants engaged, and

of which the administrators had actual knowledge because the history of violations was

documented in Statements against Fair Acres Geriatric Center on thirty or more occasions in

2014.

41.     The actions and failures to act on the part of Defendants in this action, including the

withholding of necessary nursing services and refusal to follow a doctor's orders for monitoring

infections, show deliberate indifference to Plaintiff's protected rights.

42.     It is believed and therefore averred that the individual Defendants knew that

licensed practical nurses routinely performed task that pursuant to the Pennsylvania Nurse

Practices Act were permitted to be done only by registered nurses or physicians pursuant to the

Pennsylvania Nurse Practices Act and the laws under Medicare, 42 CFR § 483.1 et seq. not only

for Georgia A. Hope but for all residents of the Fair Acres Nursing Home.

15

43.     The failure of the Fair Acres Nursing Home to employ and knowingly use licensed practical nurses to do tasks relegated for registered nurses and physicians under the Pennsylvania Nurse Practices Act and Medicare laws was a deliberate indifference to the Plaintiff's constitutional rights and caused hee harm as set forth in paragraph 40 above.

44.     It was highly predictable that the use of nurses outside of their scope of practice would cause harm to Plaintiff and others at Fair Acre similarly situated.

## COUNT II

### Violation of Plaintiff's Federally Protected Rights, Guaranteed Under FNHRA and OBRA Brought Against Fair Acres Geriatric Center, Delaware County Council, William D'Amico, Administrator, and James Bonner, M.D., Medical Director and Tracy Williams, Head Nurse Pursuant to 42 U.S.C. §1983

45.     Plaintiff Georgia A. Hope incorporates by reference paragraphs 1 through 44 of Plaintiff's Complaint as if the same were set forth at length herein.

46.     As the governing body for Fair Acres Geriatric Center, Delaware County Council and Fair Acres' administrator were required by federal and state mandate to create, approve, and implement the facility's policies and procedures; such policies and procedures, if created and approved, were not adequately implemented, causing the injuries to Mrs. Hope complained of herein and their authority was final and unreviewable.

47.     As Administrator and Medical Director, respectively, Defendants William D'Amico and James Bonner, M.D. were final policymakers over matters that were delegated to them by the Delaware County Council.

48.     Despite family and resident complaints of inadequate staffing and failures of care, the County Council cut the operating expenses for Fair Acres Geriatric Center and, as the direct

result of the lack of proper policies and procedures, failures to implement such policies and procedures, and/or understaffing on the part of one or more Defendants, Mrs. Hope suffered pressure sores, infections, poor hygiene, malnutrition, and dehydration, and other medical deterioration and injury all in violation of the rights provided for her benefit, as a nursing home resident, under FNHRA and OBRA.

49.     Based on the number and frequency of complaints and violations of regulations, the Statements of Deficiencies issued by the State, the data on staffing, and the numerous injuries suffered by Mrs. Hope and others similarly situated, Defendants failed and refused to hire a sufficient number of trained and competent staff members, or to properly train and/or supervise them, in order to prevent her injuries and or accidents, as required in order to provide the care and service required under 42 U.S.C.§1396r(b)(4)(B), (B)(5) and(6), OBRA, F-324 483.25(h)(2), and  42 U.S.C.§§483.25, 483.30, 483.75(f), 483.460(b)(2),(c), and (d)(2).

50.     Based on the number and frequency of complaints of violations, the Statements of Deficiencies issued by the State and federal government, and the numerous injuries suffered by Mrs. Hope, Defendants failed and refused to properly train competent staff members, or to provide the care and service required under state and federal nursing home laws, including but not limited to, 42 U.S.C.§1396r(b)(4)(B), (B)(5)and(6), OBRA, F-324 483.25(h)(2), and  42 U.S.C.§§483.25, 483.30, 483.75(f), 483.460(b)(2),( c), and (d)(2), ( c)(5)(I) and (iii).

51.     The number and frequency of complaints of violations, the Statements of Deficiencies issued by the State and federal government, and the numerous injuries suffered by Mrs. Hope, indicate that the Delaware County Council, Fair Acres Geriatric Center,William D'Amico, NHA and James Bonner, M.D., Tracy Williams, Head Nurse, Dr. Walter Lewis and

the Director of Nursing acted, and failed to act, because of a deliberate indifference to the protected rights of the Fair Acres nursing home residents.

52.     Defendants knew at all time relevant hereto that Fair Acres was using licensed practical nurses outside of their scope of practice in violation of state and federal nursing home laws and that this could cause harm to nursing home residents.

53.     There is a causal nexus between the injuries suffered by Mrs. Hope and the deliberate indifference of Defendants, whose actions and failures to act on matters of policy, supervision, training, and implementation were the moving force behind the actions and failures to act of the individual Defendants that proximately caused Mrs. Hope's injuries including the amputation of her leg.

WHEREFORE, the Plaintiff Georgia A. Hope, demands judgement against the Defendants, and each of them, in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering, and other damages sustained together with attorneys fees, interest and costs of suit.

## COUNT III

### Claim for Negligence Brought Against Individual Defendants
### Pursuant to the Pennsylvania Tort Claims Act, 42 Pa. C.S. §§ 8541, et seq.

54.     Plaintiff Georgia A. Hope incorporates by reference paragraphs 1 through 53 of Plaintiff's Complaint as if the same were set forth at length herein.

55.     At all times relevant herein, individual Defendants William D'Amico, Nursing Home Administrator; Dr. James Bonner, Medical Director; Dr. Franklin Vogel, Jr., DPM; Tracy Williams, Head Nurse; Walter Lewis, M.D.; Director of Nursing and John and Jane Does were

18

employed by, or acting on behalf of, Fair Acres Geriatric Center and Delaware County, acting

through the Delaware County Council.

56.    Because of their actions and failures to act were willful, given that they had to

know the consequences that would follow, and were deliberately indifferent to those

consequences, individual Defendants may be liable pursuant to the " willful misconduct"

exception in 42 Pa.C.S §8550.

WHEREFORE, the Plaintiff Georgia A. Hope, demands judgement against

individual Defendants in an amount in excess of $75,000.00 which will reasonably compensate

her for the significant injuries, pain and suffering, and other damages sustained together with

attorneys fees, interest and costs of suit.

## COUNT IV

### For Violation of Plaintiff's Rights Under
### Pennsylvania's Unfair Trade Practices and Consumer Protection Law
### Brought Against William D'Amico, Administrator For Fair Acres
### and Delaware County Council

57.    Plaintiff Georgia A. Hope incorporates by reference paragraphs 1 through 56

of Plaintiff's Complaint as if the same were set forth at length herein.

58.    Before contracting for nursing home services of Fair Acres Geriatric Center, the

Fair Acres Nursing Home provided to Plaintiff Georgia A. Hope and her family information,

including admission papers that represented that she, Georgia A. Hope, would receive "quality

care".

59.    These representations which were made to encourage prospective patients to

utilize the services of Fair Acres Geriatric Center, were false because Defendants had knowledge

19

that the facility and its employees, in fact, engaged in an ongoing pattern and practice of violations of state and federal standards for nursing home care.

60.     Plaintiff reasonably relied on the representations made to here and would not have become a resident of the facility, or suffered the injuries she sustained while there, but for those representations.

61.     As a result of the violation of the UTPCPL by Defendants, Defendants are liable to Plaintiff for compensatory damages, and may be liable for up to three times actual damages sustained, together with interest, as well as costs, attorney's fees, and such other relief as the Court deems necessary or proper.

62.     The Federal Nursing Home Regulations require that a nursing home receiving Medicaid and/or Medicare moneys provide to residents such as Plaintiff Georgia A. Hope at 42 CFR § 483:

a.     Nursing services as required at § 483.30 of this subpart;

b.     Dietary services as required at § 483.35 of this subpart;

c.     An activities program as required at § 483.15(f) of this subpart;

d.     Room/bed maintenance services;

e.     Routine personal hygiene items and services as required to meet the needs of residents, including, but not limited to, hair hygiene supplies, comb, brush, bath soap, disinfecting soaps or specialized cleansing agents when indicated to treat special skin problems or to fight infection, razor, shaving cream, toothbrush, toothpaste, denture adhesive, denture cleaner, dental floss, moisturizing lotion, tissues, cotton balls, cotton swabs, deodorant,

incontinence care and supplies, sanitary napkins and related supplies, towels, washcloths, hospital gowns, over the counter drugs, hair and nail hygiene services, bathing and basic personal laundry;

f.      Medically-related social services as required at § 483.15(b) of this subpart;

g.      Pharmaceutical products and pharmacy services as required at § 483.60 of this subpart;

h.      Specialized rehabilitative services including but not limited to physical therapy; speech language pathology and occupational therapy as required at § 483.4(a) of this subpart;

i.      Dental Services as required at § 483.55(b) of this subpart;

j.      Clean linens as required at § 483.65(c) of this subpart.

63.    Defendants failed to provide the "quality care" promised to the Plaintiff Georgia A. Hope by the delivery of goods and services listed in paragraph 62 and as a result of that failure Plaintiff Georgia A. Hope was harmed.

WHEREFORE, the Plaintiff Georgia A. Hope demands judgement against the Defendants, and each of them, in an amount in excess of $75,000.00 which will reasonably compensate her for the significant injuries, pain and suffering, and other damages sustained together with attorneys fees, interest and costs of suit.

_____
Rhonda Hill Wilson, Esquire
Dated: April 18, 2016          Attorney for Plaintiff, Georgia A. Hope

21

## CERTIFICATE OF SERVICE

I, Rhonda Hill Wilson, Esquire, hereby certify that on this 18th day of April, 2016,

a copy of the foregoing **Plaintiff's First Amended Complaint** has been served upon all

counsel of record via the Court's Electronic Filing System and via USPS Fist Class Mail

at the following address:

> William J. Mundy, Esquire
> Burns White LLC
> 100 Four Falls, Suite 515
> 1001 Conshohocken State Road
> West Conshohocken, PA 19428

_____
Rhonda Hill Wilson, Esquire
Attorney for Plaintiff, Georgia A. Hope