```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GEORGIA A. HOPE,                        :     CIVIL ACTION
                                        :     No. 15-06749
          Plaintiff,                    :
                                        :
     v.                                 :
                                        :
FAIR ACRES GERIATRIC CENTER,            :
                                        :
          Defendant.                    :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    July 25, 2016

      This is the Court's second time addressing the adequacy of Plaintiff Georgia A. Hope's claims against Defendant Fair Acres Geriatric Center ("Fair Acres"), a nursing home that provided care to Plaintiff from January to November 2014. The Court previously dismissed Plaintiff's Complaint for failure to state a claim and granted her leave to amend certain aspects of the complaint.

      Plaintiff filed her Amended Complaint, again alleging that Fair Acres violated her federal statutory rights by providing deficient care during her stay. One month after filing the Amended Complaint, Plaintiff filed a motion[1] for leave to

---

[1] Plaintiff styles her motion as a "Petition to Amend Complaint and Caption." ECF No. 16.

1

join additional defendants. Defendant has moved to dismiss Plaintiff's Amended Complaint and opposes Plaintiff's motion.

For the reasons that follow, the Court will grant Defendant's motion to dismiss as to Plaintiff's claims against Fair Acres, and Plaintiff's claims against Fair Acres will be dismissed with prejudice. Given that the Court is dismissing all claims against Fair Acres with prejudice, the motion to join additional defendants will be denied as moot.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In January 2014, Plaintiff Georgia A. Hope was admitted to Fair Acres Geriatric Center ("Fair Acres"), a county-owned nursing home located in Lima, Pennsylvania. Am. Compl. ¶ 14, ECF No. 13. During Plaintiff's stay at the nursing home, at which time she was 90 years old, she experienced infection, gangrene, dehydration, and a lower extremity sacral wound that resulted in a partial leg amputation. Id. ¶¶ 15, 24.

On December 22, 2015, Plaintiff filed her original Complaint against Fair Acres, alleging negligence per se; negligence; corporate negligence; violation of her civil rights under 42 U.S.C. § 1983 for Fair Acres's failure to provide the care required by the Federal Nursing Home Reform Amendments ("FNHRA"), 42 U.S.C. § 1396 et seq., and Omnibus Budget Reconciliation Act of 1987 ("OBRA") regulations, 42 C.F.R.

§ 483.1 et seq.; violation of the Medicare Secondary Payer Act ("MSPA"), 42 U.S.C. § 1395y(b), for Medicare-paid expenses; and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. §§ 201-1 to 201-9. ECF No. 1.

On January 20, 2016, Fair Acres moved to dismiss Plaintiff's original Complaint, ECF No. 4, which the Court granted after a hearing. ECF No. 10. The Court dismissed with prejudice Plaintiff's negligence claims against Fair Acres because the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA") provides Fair Acres, as an entity owned and operated by Delaware County, with general immunity from tort liability. Hope v. Fair Acres Geriatric Ctr., No. 15-6749, 2016 WL 1223063, at *2-4 (E.D. Pa. Mar. 29, 2016). The Court also dismissed Plaintiff's § 1983, MSPA, and UTPCPL claims for failure to adequately state a claim for relief, but granted Plaintiff leave to amend these claims. Id. at *7-10.

Now, in her Amended Complaint, Plaintiff reasserts her § 1983 claim against Fair Acres.[2] ECF No. 13. She also seeks leave to join additional defendants, including the Delaware County Council; William D'Amico, Administrator for Fair Acres; Dr. James Bonner, Medical Director for Fair Acres; Dr. Franklin

---

[2] Plaintiff has dropped her MSPA and UTPCPL claims against Fair Acres.

Vogel, Jr., DPM, Treating Physician at Fair Acres; Tracy Williams, Head Nurse at Fair Acres; Walter Lewis, MD, of Fair Acres; the Director of Nursing at Fair Acres; and an unspecified number of John and Jane Does, employees at Fair Acres.

According to Plaintiff, all Defendants failed to update her plan of care when her condition declined; recognize the decline in her functional abilities and the onset of her injuries; and assist her when she began experiencing pain, swelling, redness, and infection. Am. Compl. ¶ 23, ECF No. 13. Plaintiff also alleges that Defendants failed to hire and train a sufficient number of competent employees to address her medical needs. Id. ¶ 35. Plaintiff alleges that Defendants acted with "deliberate indifference" to her protected rights and engaged in a "pattern and practice of ongoing neglect." Id. ¶¶ 35, 41.

On May 9, 2016, Fair Acres filed a motion to dismiss Plaintiff's Amended Complaint. ECF No. 14. In addition to various substantive challenges, Defendants noted that Plaintiff did not seek leave to join additional parties. Id. ¶ 6 n.1.

In response to Defendant's motion, Plaintiff filed a motion to join additional defendants--over one month after filing her Amended Complaint. ECF No. 16. Plaintiff attached the Amended Complaint to the petition, despite its earlier filing. Pet. Am. Compl. & Caption, Ex. A, ECF No. 16-1.

4

After a hearing on July 11, 2016, Fair Acres's motion to dismiss and Plaintiff's motion to join additional parties are ripe for disposition.

**II.   MOTION TO DISMISS**

The Court first considers Defendant Fair Acres's Motion to Dismiss the Amended Complaint.

A.   <u>Legal Standard</u>

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." <u>DeBenedictis v. Merrill Lynch & Co.</u>, 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks omitted). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal

5

conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and matters of which the Court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider undisputedly authentic documents if the complainant's claims are based upon those documents. Pension Benefit Guar. Corp., 998 F.2d at 1196.

B. Discussion

Plaintiff asserts only one claim against Defendant Fair Acres in her Amended Complaint: a claim pursuant to § 1983. "Section 1983 is 'a vehicle for imposing liability against anyone who, under color of state law, deprives a person of

6

rights, privileges, or immunities secured by the Constitution and laws.'" Massey v. Fair Acres Geriatric Ctr., 881 F. Supp. 2d 663, 666 (E.D. Pa. 2012) (quoting Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel, 570 F.3d 520, 525 (3d Cir. 2009)). Here, Fair Acres acted under color of state law as an entity owned and operated by Delaware County. See Am. Compl. ¶ 3. In addition, Plaintiff alleges that Fair Acres and its employees violated the FNHRA, id. ¶¶ 21, 34, 49-50, which establishes, for nursing home residents, federally protected rights enforceable through § 1983, Grammer, 570 F.3d at 525.

"[A] municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original). Municipalities can be liable under § 1983 when "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." Id. Liability arises where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690.

Municipalities can also face liability under § 1983 "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received

7

formal approval through the body's official decisionmaking channels." Id. at 690–91. A "custom" arises from practices by state officials that are "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970)).

Under the Monell framework, a plaintiff must establish that (1) the municipality had a policy or custom that deprived the plaintiff of his or her constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) the plaintiff's injuries were caused by the identified policy or custom. Id. at 692-94.

In the instant case, the parties quibble over several aspects of Plaintiff's Monell claim. But the core deficiency in Plaintiff's Amended Complaint arises at step one: Plaintiff has not identified a municipal policy or custom that deprived her of federally protected rights.

As an initial matter, Plaintiff pleads several factual allegations that, when taken in the light most favorable to Plaintiff, permit the Court to infer that Fair Acres's employees violated Plaintiff's rights under the FNHRA and corresponding OBRA regulations. See Am. Compl. ¶¶ 35(a), 35(l), 36, 42. However, the question for purposes of Plaintiff's Monell claim is whether an employee's failure to comply with these statutory

8

and regulatory rules amounts to a municipal policy or custom.

"There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003).

First, the entity may be liable under § 1983 where a policymaker "promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." Id. (quoting Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 417 (1997)). Here, Plaintiff summarily alleges that a "policy and/or custom of deprivation" caused her injury. Am. Compl. ¶ 23. But she does not identify a specific statement of policy promulgated by an official policymaker that, when implemented by Fair Acres's employees, deprived her of federally protected rights. Therefore, Plaintiff's claim fails under this first theory of Monell liability.

Second, a policy or custom may be inferred where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Natale, 318 F.3d at 584 (quoting Bryan Cty., 520 U.S. at 417-18). "In this situation, the choice of policy and its implementation are one, and the first or only action will suffice to ground municipal

9

liability simply because it is the very policymaker who is acting." Bryan Cty., 520 U.S. at 418. Here, Plaintiff has not identified a policymaker's affirmative act that violated federal law. Therefore, Plaintiff does not state a claim under the second theory of Monell liability.

Third, a policy or custom may be inferred where "the policymaker has failed to act affirmatively at all," but "the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." Natale, 318 F.3d at 584 (quoting Bryan Cty., 520 U.S. at 418).

In the instant case, the Amended Complaint can be construed as asserting two potential approaches to this third avenue of Monell liability: (1) Fair Acres failed to hire additional and/or competent staff members, and (2) Fair Acres failed to adequately train its staff members. See Am. Compl. ¶¶ 24, 35(c)-(g), 49-50.

As to the first approach, Plaintiff's allegations find no footing in Monell jurisprudence. The most analogous line of cases involves Monell claims based on a theory of negligent hiring or "failure to screen." See, e.g., Wood v. Williams, 568 F. App'x 100, 105 (3d Cir. 2014) (nonprecedential) (explaining

10

that a plaintiff's failure-to-screen claim under § 1983 must demonstrate that "scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right" (quoting Bryan Cty., 520 U.S. at 410-11)).

But this theory has no applicability to Plaintiff's claims in the instant case. Plaintiff's claims rest on the notion that Fair Acres did not hire "enough" employees or employees with the best credentials. See Am. Compl. ¶¶ 24, 35(c)-(g), 49-50. But she cites no authority for the proposition that the Court may infer a policy or custom from such conclusory allegations. Therefore, to the extent Plaintiff's claim is based on the failure to hire additional and/or competent staff members, the Court will dismiss Plaintiff's § 1983 claim against Fair Acres.

Plaintiff also bases her § 1983 claim, in part, on a failure-to-train theory. See, e.g., Am. Compl. ¶¶ 24, 35(c), 36(p), 49-50. To state a claim for failure to train, plaintiffs must "identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Gilles v. Davis, 427 F.3d

11

197, 207 n.7 (3d Cir. 2005). The plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) (quoting Bryan Cty., 520 U.S. at 404) (emphasis in original).

Here, Plaintiff does not identify a deficiency in training. Plaintiff asserts a slew of conclusory allegations, including that Defendants failed "to train and supervise the nursing staff," Am. Compl. ¶ 24; failed to "train appropriate and licensed medical and nursing personnel to properly monitor, supervise, and/or treat [Plaintiff]'s medical condition," id. ¶ 35(c); failed "to properly train and/or supervise" employees "in order to prevent [Plaintiff's] injuries and or [sic] accidents," id. ¶ 49; failed "to properly train competent staff members," id. ¶ 50; and failed "to act on matters of policy, supervision, training, and implementation," id. ¶ 53. These conclusory statements do not allege how the training was deficient with any specificity and, without such, are not entitled to the presumption of truth. And because Plaintiff has failed to allege a deficiency in training, the Court need not address the remaining elements of a failure-to-train claim. Plaintiff's claim fails on the first element.

In sum, Plaintiff fails to identify a municipal policy or custom to support her Monell claim. Therefore, because

Plaintiff failed to amend the deficiencies previously identified by the Court as to her original Complaint, Plaintiff's § 1983 claim against Fair Acres will be dismissed with prejudice.

Finally, because the Court will dismiss all claims against Fair Acres, which is the only presently-named Defendant, Plaintiff's motion to join additional parties will be denied without prejudice as moot. See, e.g., Bolden v. Niagara Fire Ins. Co., 814 F. Supp. 444, 445 (E.D. Pa. 1993) ("Because the court agrees that plaintiffs have failed to state a claim upon which relief can be granted, it will dismiss the action and therefore need not consider joining [the additional defendant] as a party.").

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Plaintiff's Amended Complaint as to all claims against Defendant Fair Acres. Plaintiff's motion to join additional parties will be denied without prejudice as moot. An appropriate order follows.